# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-281 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| DARWIN LEE LUSSIER, SR., | |
| Defendant. | |

This matter is before the Court on the government's objection [ECF No. 52 ("Gov't Obj.")] to the March 11, 2019 Report and Recommendation of United States Magistrate Judge Leo I. Brisbois. [ECF No. 51 ("R&R").] Judge Brisbois recommends: (1) Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [ECF No. 32] be granted; (2) Defendant's Motion for Hearing Pursuant to *Franks v. Delaware* [ECF No. 33] be denied as moot; and (3) Defendant's Motion to Dismiss Indictment, or Alternatively to Suppress Evidence and Testimony Due to Destruction and Spoliation [ECF No. 35] be denied. The Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2. Based on that review, the Court accepts the R&R.

The undisputed facts[1] are clearly set forth in the R&R and are incorporated by reference for purposes of the government's objections. Nonetheless, the Court here sets

---

[1] The government and Defendant do not dispute the facts set forth in the R&R. [*See* ECF No. 54 ("Def.'s Opp'n") at 4.]

forth the relevant parts of the search warrant affidavit in order to illuminate its inadequacies, which, under the exclusionary rule, lead to suppression in this case.

On October 8, 2018, a search warrant was issued by the Red Lake Tribal Court upon an application by Criminal Investigator ("CI") Ron Leyba. CI Leyba sought to search 14921 Circle Pines Road in Red Lake, which he states is "[k]nown to be the Darwin Lussier residence." [Gov't Ex. 1 at 1, Motions Hearing, January 14, 2019.] The affidavit in support of the search warrant gave the following information:

- Your affiant is involved in an investigation involving Darwin Lee Lussier DOB: 05-28-1966 in regards to an incident that occurred in October 7, 2018 on an assault on Dawn Neadeau.

- On October 7, 2018, Officer Hamre responded the residence [sic] and was advised and took pictures of Dawn Neadeau's head where she was struck with an object and had multiple bruises from this assault. Dawn was taken to IHS for her wounds. Officer Hamre looked for the suspect named by the victim as: Darwin Lee Lussier. Ofc. Hamre stated he had fled into the woods. Ofc. Hamre was advised that Darwin has (2) two bench warrants for his arrest for drugs and other incidents. Ofc. Hamre was made aware that Darwin would not allow the victim to leave the residence.

- As of October 5, 2018, I am aware that Darwin has been utilizing his home as narcotic location [sic] to supply and distribute narcotics.

- On March 15, 2018, I Criminal Investigator was notified by Criminal Investigator Kelly Brunelle that he was informed that a house in circle pines was selling narcotics and that they have a lot of methamphetamine there. Information provided to CI Brunelle was that people from Mahnomen were dropping off a load of narcotics at the residence of Darwin Lussier.

- On March 15, 2018, I Criminal Investigator Ron Leyba collaborated this information and requested a marked unit to check for large amount of traffic coming from this area.

2

- Your affiant knows that Patrick Desjarlait has an extensive criminal history which includes (2) controlled substances crimes, assaults. Your affiant verified on March 16, 2018, that Patrick Desjarlait currently has Tribal warrants for his arrest for active contempt.

(Gov't Ex. 1 at 3.)

In recommending suppression and finding no probable cause to support the search warrant, Judge Brisbois concludes correctly that while the warrant seeks to search the premises described as 14921 Circle Pines Rd, "the affidavit fails to show that evidence of the alleged assault would be found there." [R&R at 7.] Nothing in the affidavit describes "the residence"—it is only referenced as the place where Officer Hamre responded ("Officer Hamre responded [sic] the residence") and the place where Lussier would not let the victim leave ("Officer Hamre was made aware that Darwin would not allow the victim to leave the residence.") The reader has no way of knowing whether a) the residence was that of Lussier; b) the residence was 14921 Circle Pines Rd; c) the residence was the location of the alleged assault; or d) some combination of the above.

The government argues that "Judge Brisbois misapplied the standard of review for search warrants and erroneously concluded that the search warrant lacked probable cause." (Gov't Obj. at 4.) Specifically, the government argues that rather than taking a deferential approach, the R&R is hyper–technical, improperly emphasizes the information involving drug activities, and fails to evaluate the portions of the affidavit regarding the alleged assault and Defendant's fugitive status. (*Id.* at 6.) The Court disagrees. As correctly noted by Judge Brisbois, the issuing court determines probable

3

cause by considering the totality of the circumstances and taking a common-sense approach. (R&R at 4–6 (citing *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) and *United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007)).) "There must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue." (*Id.* at 6 (citing *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000)).) Here, the R&R correctly concludes that the affidavit fails to demonstrate a nexus between the assault and the searched residence. (*See* R&R at 7–8 (discussing that the affidavit "fails to show that evidence of the alleged assault would be found there," "does not indicate that the alleged assault occurred at Defendant's residence," "does not indicate whose residence the assault occurred at, nor whose residence Officer Hamre responded to upon the report of an assault," and does not "show[] what type of weapon was used in the alleged assault … or why law enforcement thought the weapon would be located in Defendant's residence").) While the government argues that a common-sense reading implies that Defendant's residence is where the assault occurred, the affidavit provides scant context surrounding the assault and falls short of implying that the assault occurred at 14921 Circle Pines Rd, Red Lake, MN 56671. *Compare United States v. Thurman*, 625 F.3d 1053, 1056 (8th Cir. 2010) (finding the warrant application, read as a whole, provided substantial basis to conclude the evidence would be found in the searched house because it provided detailed evidence that the house was possessed by the defendant and evidence would be found there). Because the affidavit does not even allege, much less

4

demonstrate, that the assault occurred at the searched residence, or that any evidence relating to the assault would be found there, probable cause did not exist to support the execution of the search warrant. *See United States v. Frangenberg*, 15 F.3d 100, 102 (8th Cir. 1994) (doubting that the information in the warrant application provided an adequate basis for the search where the warrant did not indicate how the suspect was connected to the place searched). The Court has carefully considered this warrant and recognizes that a search warrant is not lightly put aside. But as was the case in *United States v. Nelson*, No. 04-4651 (DWF/JSM), 2005 WL 1355025 (D. Minn. June 2, 2005), this case presents "a rare occurrence when an affidavit fails to establish probable cause." *Id* at *1. Here, the mental gymnastics required to reach something akin to probable cause are, frankly, an impossible feat.

The question, then, is whether the search warrant can be saved under the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1994). Under *Leon*, "evidence obtained pursuant to a search warrant that is later found to be invalid is not suppressed if the executing officers reasonably relied in good faith on the issuing court's determination of probable cause and technical sufficiency." *United States v. Herron*, 215 F.3d 812, 814 (8th Cir. 2000) (citing *Leon*, 468 U.S. at 922). The good–faith exception does not apply if the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (quotation marks and citation omitted); *Herron*, 215 F.3d at 814.

The government argues the good–faith exception applies because the affidavit details Defendant had two active arrest warrants, he "was the suspect in an assault that the issuing tribal court judge could reasonably conclude occurred at the defendant's residence[,]" and outlines the weapon that was used in the assault. (Gov't Obj. at 9.) As explained above and in the R&R, the totality of the circumstances, including these factors, were considered when determining that the affidavit does not connect the assault to the searched house. Further, although the affidavit centers on Defendant, it confusingly (and presumably erroneously) refers to "Patrick Desjarlait" having an extensive criminal history and active arrest warrants, making it unreasonable to rely on this factor. And, again, the affidavit provides no evidence that the weapon used in the alleged assault would be found at the searched residence. Given these circumstances and the other deficiencies discussed in the R&R, the officer could not have "reasonably rel[ied] upon the issuing court's determination of probable cause for a search warrant." *Herron*, 215 F.3d at 814–15 (concluding that the good–faith exception did not apply because "the lack of probable cause in the affidavits would have been apparent to reasonable officers" where the affidavits lacked information about the defendant and his residence). Thus, the good–faith exception does not rescue the warrant.

The government only objects to Judge Brisbois's recommendation that Defendant's motion to suppress evidence be granted. It does not object to any other aspect of the R&R. The Court determines whether the recommendations are clearly

erroneous or contrary to law when no objection has been made. *See* Fed. R. Crim. P. 59; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed those portions of the R&R to which the parties have not objected, the Court finds no clear error.

Based on all of the files, records, and proceedings herein, the Court OVERRULES the government's objection [ECF No. 52] and ACCEPTS the R&R [ECF No. 51]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to suppress evidence obtained as a result of search and seizure [ECF No. 32] is GRANTED;

2. Defendant's motion for hearing pursuant to *Franks v. Delaware* [EFC No. 33] is DENIED AS MOOT; and

3. Defendant's motion to dismiss indictment, or alternatively to suppress evidence and testimony due to destruction and spoliation, [ECF No. 35] is DENIED.

Dated: May 6, 2019                         BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge