UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-281 (NEB/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DARWIN LEE LUSSIER, SR.,

        Defendant.

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE**

    The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby responds to the Defendant's various motions in limine and supplemental memoranda filed on May 24 and 29, 2019.  *See* Dkt. Nos. 75-80.

**A.    Defendant's Motion *in Limine* to Exclude Character, Crimes, Wrongs, Other Act, and Prior Conviction Evidence Per Fed. R. Evid. 404 and 609**
[Dkt. Nos. 75 and 84]

    In his motion, the defendant seeks to exclude all character or "other bad acts evidence" regarding allegations of assaultive behavior towards D.M.N. and G.B.  The defendant further seeks to exclude evidence of the defendant's prior conviction(s) pursuant to Rule 609 of the Federal Rules of Evidence.  The government will address each of the defendant's requests in turn.

    **1.    Admissibility of Other Crimes, Wrongs, or Acts**

    On May 24, 2019, the government provided notice and moved *in limine* to admit evidence of the defendant's prior assaultive incidents involving D.M.N., the victim in this

matter, and G.B., the defendant's prior girlfriend.[1]  *See* Dkt. Nos. 68 and 81.  Specifically,

the government seeks to introduce evidence of two prior assaults involving G.B. occurring

on or about February 2, 2016, and January 13, 2017.  *See* Dkt. No. 81.  Further, the

government seeks to introduce evidence of two prior assaults involving D.M.N. occurring

between November 23, 2017, and September 2018.  The defendant objects to the admission

of this evidence.  *See* Dkt. Nos. 75 and 84.

The defendant claims that the government cannot meet all four requirements for the

admissibility of Rule 404(b) evidence.  First, the defendant claims that the government has

failed to sufficiently articulate a proper purpose for the other crimes evidence.  Thus, the

defendant concludes that the government must be offering the evidence solely as

impermissible propensity evidence.  The government provided notice that the government

intends to admit the evidence to prove intent, absence of mistake, or lack of accident.  In

this matter, the government must prove that the defendant intentionally assaulted D.M.N.

with a spiked club.  The defendant did not provide a statement to law enforcement.  Thus,

the government does not know the defendant's theory of defense.  The government must

surmise that the defendant will claim either that he did not strike D.M.N. or that he struck

D.M.N. by accident.  In either event, the defendant's prior instances of assault against

D.M.N. and G.B. are relevant to the material issue of whether the defendant intentionally

---

[1] In its Trial Brief, the government noted two additional prior instances of domestic violence involving G.B. in 2005 and an unknown victim in 2001 to provide background related to the defendant's prior history of violence.  The government does not intend to seek to admit either of the incidents as other crimes evidence.  Nonetheless, the government provides the 2001 Red Lake Tribal Court documents relating to the defendant's charge and conviction for Criminal Domestic Violence.  *See* Exhibit 1.

assaulted D.M.N.  *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010).

Further, the defendant's prior incidents of assault against D.M.N. and G.B. help explain

the defendant's relationship history, from which the defendant's intent to commit violence

is derived.  *See United States v. Farish*, 535 F.3d 815, 819-20 (8th Cir. 2008)(admission of

other crimes evidence to illuminate the relationship and explain the crime).  In each of the

defendant's prior and current assaultive incidents, the defendant assaulted the victim after

seemingly losing control over the victim's actions.  The defendant's prior incidents of

assault are relevant to prove intent, absence of mistake, and lack of accident.

Next, the defendant claims that the government is unable to prove by a

preponderance of the evidence the prior assaultive incidents.  The only incident that

resulted in criminal charges is from February 2016.  Due to the defendant's failure to appear

in Red Lake Tribal Court, the February 2016 matter is still pending.  Regardless of

conviction, the government can still prove by a preponderance of the evidence the prior

assault incidents based on the victim's testimony as well as the corroborating medical

records.  With regard to D.M.N., the defendant claims that D.M.N. denied a prior history

of assault in her October 9, 2018 interview.  The defendant wholly misrepresents the

recorded statement on October 9, 2018, and fails to mention the subsequent interview of

D.M.N. on November 7, 2018, wherein D.M.N. clarifies the two prior assaults.[2]  In

D.M.N.'s October 9, 2018 statement, she and law enforcement are discussing the assaultive

---

[2] With the Court's permission, the government will submit to the Court copies of the two
audio-recorded statements on disc as Exhibits 2 and 3.

incident that culminated in the assault with a spiked club on October 7, 2018.  Namely, D.M.N. is providing information about October 2018, not prior instances of abuse.

Finally, the defendant claims that the prejudicial effect of the other crimes evidence substantially outweighs any probative value.  Here, the probative value cannot be outweighed by the prejudicial effect when the defendant claims either that he did not intentionally assault D.M.N. or that he accidentally struck D.M.N.  *See Littlewind*, 595 F.3d at 881.  The four proffered assaults occurred with D.M.N. and his former girlfriend G.B.  Both D.M.N. and G.B. sought medical treatment.  The prior incidents of assault are highly probative to prove the defendant's intent to assault D.M.N. on October 7, 2018.

For the reasons set forth above and in its Trial Brief, the government respectfully requests that the Court deny the defendant's motion to exclude evidence of other assaultive incidents as noticed by the government.

### 2.    Impeachment of the Defendant with a Prior Conviction

The defendant has moved to exclude evidence of the defendant's prior convictions for impeachment purposes pursuant to Rule 609 of the Federal Rules of Evidence.  The defendant has one prior pertinent conviction - Possession of an Unregistered Firearm.  The defendant was convicted of the offense on or about December 6, 2005, in United States District Court in the District of Minnesota.  If the defendant testifies, the government hereby notices that it may seek to offer evidence of the prior conviction pursuant to Fed. R. Evid. 609(b).  The government recognizes that Rule 609(b) severely limits the use of convictions greater than 10 years old.  *United States v. Stoltz*, 683 F.3d 934, 940 (8th Cir. 2012).  With notice being provided, the government reserves its right to argue that the

4

probative value of the conviction for Possession of an Unregistered Firearm substantially outweighs its prejudicial effect.

**B.     Defendant's Motion *in Limine* Regarding Attorney-Conducted *Voir Dire***
       [Dkt. No. 76]

The defendant has requested fifteen minutes of attorney-conducted *voir dire*. The government defers to the Court in granting a request for attorney-conducted *voir dire*. However, if the defendant's motion is granted, the government respectfully requests a commensurate amount of time.

**C.     Defendant's Motion *in Limine* Regarding Irrelevant and Prejudicial Evidence
       and Argument**
       [Dkt. No. 77]

In his motion, the defendant seeks preclusion of certain evidence and argument per the Federal Rules of Evidence 402 and 403. The government addresses each request in turn.

**1.     Redaction of Indictment**

The defendant moves to redact references to Grand Jury and Foreperson from the Indictment. The government opposes the defendant's motion. The defendant provides no bases for such redaction of the Indictment. Further, the government is not aware of the Court's practice in providing a copy of the Indictment to the jury.

**2.     Reference to "domestic assault"**

The defendant moves to preclude the government from referring to the October 7, 2018 assault as "domestic assault" because the term invades the province of the jury. The government opposes the defendant's motion. Certainly, the jury must determine the factual

elements.  However, that does not mean that the government is precluded from using common vernacular to describe the event.  The defendant fails to explain how either Rule 402 or 403 of the Federal Rules of Evidence preclude such a reference to "assault" or "domestic assault."  Further, based on the parties' joint proposed jury instructions and the Court's ultimate instructions, there will no prejudice, confusion, waste of time, or other reason to disallow the government from uttering the words "assault" or "domestic assault" pursuant to Fed. R. Evid. 403.

### 3.    Preclusion of Sale of Narcotics

The government is familiar with the Federal Rules of Evidence, specifically Rules 401-404.  Presently, the government does not intend to offer evidence that the defendant either sold narcotics or traded narcotics for sex with other females in its case-in-chief.

### 4.    Exclusion of Evidence About the Defendant's Tribal Warrants

Again, the government is familiar with the Federal Rules of Evidence.  The government does not intend to offer evidence regarding the bench warrants or nature of the pending charges in its case-in-chief.

## D.    Defendant's Motion *in Limine* Regarding Out-of-Court Statements
[Dkt. No. 78]

In his motion, the defendant seeks exclusion of various out-of-court statements.  The government addresses each of these statements in turn.

### 1.    D.M.N.'s calls to 911

In its Trial Brief, the government addressed the admissibility of the four 911 calls made by D.M.N. on October 7, 2018.  *See* Dkt. No. 81.  The government intends to offer

each of the 911 calls made within approximately six minutes into evidence.  The 911 calls are admissible as present sense impressions and excited utterances.  Fed. R. Evid. 803(1) and 803(2); *see also United States v. Dean*, 823 F.3d 422, 427 (8th Cir. 2016) (911 calls that are placed with "sufficient contemporaneity" are admissible under the present sense impression), *United States v. Brun*, 416 F.3d 703, 707 (8th Cir. 2005) (determining that a 911 call to report a fight that had escalated to an assaulted was an exited utterance).

The government respectfully requests that the Court deny the defendant's motion.

### 2.      Statements by Drug Informants

Setting aside hearsay, the government is aware of the rules governing relevance. The government does not intend to offer evidence of informant statements relating to narcotics sales as alleged in the October 8, 2018 search warrant in its case-in-chief.

### 3.      Statements made by D.M.N. to Nokomis Paiz

Nokomis Paiz is the administrator at the Red Lake College.  D.M.N. was attending college during the 2018 fall semester.  Paiz and D.M.N. had two conversations about D.M.N.'s absences from school.  D.M.N. told Paiz in October 2018 that she was absent because her significant other assaulted her and hospitalized.  Further, D.M.N. told Paiz that she was assaulted by her significant other and hospitalized in September 2018.  The government anticipates that the defendant will challenge D.M.N.'s credibility.  Thus, these statements to Paiz are admissible pursuant to Rule 801(d)(1)(B) (prior consistent statement).

E.   **Defendant's Motion *in Limine* Regarding Evidence Subject to Pretrial Orders and Proceedings**
[Dkt. No. 79]

In his motion, the defendant moves to exclude evidence obtained by law enforcement as a result of an unlawful search [Dkt. No. 62], evidence of the defendant's statements pursuant to an agreement between the parties on January 14, 2019, and evidence from drug informants.  Presently, the government does not intend to offer any evidence pertaining to the search warrant on October 8, 2018.  However, if the defendant "opens the door" to the evidence during cross-examination or otherwise, the government will seek to admit the evidence.  *See United States v. Pierson*, 544 F.3d 933, 940 (8th Cir. 2008) (evidence that was previously suppressed is generally admissible if person against whom it is offered opened door to its admission by offering related favorable evidence).  The government will abide by its previous agreement with the defendant, and only use the defendant's October 31, 2018 statements to law enforcement for impeachment purposes should the defendant testify.  Finally, the government does not intend to offer any evidence with respect to drug informants.

**F.     Defendant's Motion *in Limine* Regarding Witnesses**
[Dkt. No. 80]

In his motion, the defendant moved for exclusion of various references and witnesses. The government responds to each request in turn.

**1.     Reference to D.M.N. as a victim**

The government opposes this motion. The defendant provides no authority or argument in support of his motion.

The government and its witnesses should be allowed to use the term "victim." The person who was assaulted in this case (D.M.N.) is corrected referred to as a crime victim. The United States Code uses the term "victim" in the Crime Victim's Rights Act, 18 U.S.C. § 3771. Further, the very statute utilized to charge the defendant, 18 U.S.C. § 113, use the term "victim" at least three times. There is nothing inherently prejudicial in the use of the term "victim." The term "victim" is commonly used in the English language and does not connote the guilt of some other specific person, e.g. victim of an accidental fire, victim of natural disaster, victim of a car break-in. The term is innocuous.

Further, the government is entitled to hear the government's theory of its case: that Darwin Lee Lussier, Sr., the "defendant," assaulted D.M.N., the "victim." Describing each player's role relative to each other, whether by a witness or by the government itself, is a component to presenting the government's theory of the case. The Eighth Circuit and other courts have affirmed the use of terms that were consistent with the government theory of the case. *See*, *e.g.*, *United States v. Johnson*, 463 F.3d 803, 809 (8th Cir. 2006) (use of term "kickback" to describe defendant's conduct, while "certainly not favorable to" the

defendant, was not unfairly prejudicial where evidence supported the use of the term, which was of a "generally understood meaning"); *see also United States v. Carpenter*, 736 F.3d 619, 628 (1st Cir. 2013) (affirming government's use of terms "parking" money in "escrows" to describe fraud scheme consistent with government theory of the case). Further, courts have also approve the use of the term "victim" in the context of jury instructions. *United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) ("[A] number of courts have determined that the use of the term 'victim' in jury instructions is not prejudicial to a defendant's rights when, as is the case here, the instructions taken as a whole clarify the government's burden of proving all elements of the crime.").

The government should not be precluded or penalized if either witnesses or the government itself utters the term "victim" in this matter.  The term "victim" neither connotes the defendant's guilt nor is inherently prejudicial.  The jurors will hear instruction from the Court as to the elements of the crime and the government's burden of proof.  Certainly, a presumption exists that jurors will follow these instructions.  Accordingly, the government respectfully requests the Court deny the defendant's motion in limine precluding the use of the term "victim."

## 2.    Sequestration of Witnesses Except for Defense Investigator

The government has no objection to sequestration.  However, the government respectfully requests that Special Agent Zane Nevala, the case agent in the matter, be excluded from any sequestration order.  The government has no objection to a defense investigator being excepted from the sequestration order.

10

### 3.      Law Enforcement Must Testify in Street Clothes

The government objects to this motion.  The defendant provides no authority or basis for such a request.  Further, both parties have submitted proposed *voir dire* with respect to law enforcement.  Finally, the Court will provide instruction with respect to the credibility of witnesses.

### 4.      Exclusion of Expert Opinion

The government opposes the defendant's motion to exclude the testimony of Scott Miller.  Further, the government opposes the defendant's request for a *Daubert* hearing. *See United States v. Johnson*, 860 F.3d 1133 (8th Cir. 2017) (admission of expert testimony on general characteristics of victims of sexual abuse with a *Daubert* hearing).  The government received the defendant's memorandum of law in support of his motion this afternoon.  With leave from the Court, the government intends to respond in detail to the defendant's motion and supporting memorandum no later than Friday, May 31, 2019.

Dated: May 29, 2019

Respectfully Submitted,

ERICA H. MacDONALD
United States Attorney

*s/Deidre Y. Aanstad*

BY:  DEIDRE Y. AANSTAD
Assistant U.S. Attorney
Attorney ID No. 0331788