# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-281 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| Darwin Lee Lussier, Sr., | |
| Defendant. | |

Defendant Darwin Lee Lussier, Sr. is charged with Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153(a) and Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a). Trial is set to begin June 17, 2019, and a pretrial conference was held June 14, 2019, where the parties argued motions *in limine*. [ECF Nos. 68, 69, 70, 75, 76, 77, 78, 79, 80.]

## BACKGROUND

At approximately 1:22 p.m. on October 7, 2018, D.M.N. placed an emergency call to the Red Lake Department of Public Safety Dispatch Center requesting help from the Red Lake Police Department. The dispatcher was unable to get any specifics regarding D.M.N.'s need for assistance and the call was disconnected. D.M.N. called the Red Lake Department of Public Safety Dispatch two more times in rapid succession. The second telephone call was disconnected almost immediately. On the third call, D.M.N. informed dispatch that she was at Defendant's residence in Circle Pines and that she needed help

1

because she had been abused, sustained injuries, and was being threatened with a weapon. D.M.N. placed a final emergency call at approximately 1:28 p.m. D.M.N. reported to the dispatcher that she had been clubbed over the head. D.M.N. told dispatch that after Defendant assaulted her, he fled their residence. D.M.N. requested medical assistance because she was bleeding from head. Law enforcement responded to D.M.N.'s request for assistance.

As a result of the events of October 7, 2018, a grand jury returned an indictment charging Defendant with Assault with a Dangerous Weapon in violation of Title 18, United States Code, Sections 113(a)(3), 1151, and 1153(a), and Assault Resulting in Serious Bodily Injury in violation of Title 18, United States Code, Sections 113(a)(6), 1151, and 1153(a). The parties have filed several motions *in limine* and other pretrial motions. The Court addresses each pending motion, in turn.

## ANALYSIS

I. **Government's Motions *in Limine***

A. **To Allow 404(b) Evidence**

The government moves the Court for an order regarding the admissibility of evidence of prior bad acts under Federal Rule of Evidence 404(b). [ECF No. 68.] The government seeks to offer evidence of Lussier's prior alleged assaultive behavior towards D.M.N. The government indicated at the pretrial that it was withdrawing its motion with respect to Lussier's alleged prior alleged assaults of G.B. (2016 and 2017 assaults) because

it is unable to locate G.B. Lussier argues that the prior allegations should be excluded because they are propensity evidence and constitute mere allegations of quasi-assaultive behavior.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But a party may admit that evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) is a "rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). "Evidence of prior bad acts is admissible if (1) the evidence is relevant to a material issue; (2) the prior bad acts are similar in kind and reasonably close in time to the crime charged; (3) there is sufficient evidence to support a finding by the jury that the defendant committed the prior acts; and (4) the potential prejudice of the evidence does not substantially outweigh its probative value." *United States v. Anderson*, 879 F.2d 369, 378 (8th Cir. 1989). The Eighth Circuit has ruled that rule 404(b) permits admission of such evidence "unless it tends to prove only the defendant's criminal disposition." *United States v. Adams*, 898 F.2d 1310, 1313 (8th Cir. 1989) (quoting *United States v. O'Connell*, 841 F.2d 1408, 1422 (8th Cir. 1988)).

3

The two alleged prior offenses proffered by the government of assaultive behavior by Lussier towards D.M.N. meet the requirements of 404(b). They are similar in kind and close in time to the charged offense, and they are relevant to the issues of intent, absence of mistake, and lack of accident. To prove the prior alleged assaults, the government proffers that it intends to call D.M.N. to testify as to the events she experienced first-hand. Admission of the prior offenses is more probative than prejudicial. Evidence of past crimes can be probative of a defendant's intent to commit a similar act, especially in domestic violence cases. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) (The "relative probative value of prior crime evidence is increased by the fact that [both] offenses were associated with the same victim.") While the Court understands the concerns regarding propensity, in this case the evidene is more probative than prejuicial, and concerns regarding propensity will be addressed with a limiting instruction. *See United States v. Lucas*, 521 F.3d 861, 866 (8th Cir. 2008) ("A limiting instruction diminishes the danger of unfair prejudice."). The government's motion is granted with respect to D.M.N.

### B. Regarding Bad Acts/Convictions of Witnesses

The government requests that the Court preclude the defense from offering evidence of or cross-examining any witness regarding prior bad acts or convictions of a witness to only those matters permitted under Fed. R. Evid. 404(b), 608, and 609, without first providing a basis for inquiry of the alleged bad act or conviction outside the presence

4

of the jury so that the government can be heard on the admissibility of such evidence. [ECF No. 69.] Lussier opposes this motion. This motion, as it relates to G.B., is now moot as the government no longer intends to call G.B. to testify.

With respect to any prior bad acts of D.M.N., Lussier indicated at the pretrial that he does not intend to offer evidence relating to the government's decision not to charge the Defendant with kidnapping based upon D.M.N.'s report to law enforcement. The two issues that were raised at the pretrial were (1) D.M.N.'s alleged lies to a federal agent, and (2) her alleged EBT card fraud. The parties appear in agreement that cross-examination on these issues is allowable as cross-examination by contradiction, and the Court agrees. Any ruling regarding extrinsic evidence of these allegations is reserved for trial.

### C. To Preclude Mention of Punishment

The government requests to preclude Lussier from making any reference to the sentence he may receive if convicted. [ECF No. 70.] Lussier does not object. This motion is granted as unopposed.

### II. Lussier's Motions *in Limine*

#### A. To Exclude Character Crimes, Wrongs, Other Acts, and Prior Convictions

Lussier requests that the Court preclude the government from impeaching the Defendant or otherwise offering (1) inadmissible character, crimes, wrongs, or other acts evidence, and (2) prior conviction evidence. [*See* ECF No. 75.] Specifically, the Defendant argues, first, that all character and "other bad acts evidence" regarding allegations of

5

assaultive behavior towards D.M.N. should be excluded as irrelevant and impermissible propensity evidence, remote in time to the crimes charged, not provable by the preponderance of the evidence gatekeeping standard, and more prejudicial than probative. Second, the Defendant argues that his prior conviction from 2005 for possession of an unregistered firearm should be excluded under Fed. R. Evid. 609.

The first portion of this motion, regarding Lussier's alleged prior assaultive behavior, is addressed above, and the motion is denied.

With respect to Lussier's conviction from 2005, the use of convictions greater than 10 years old is limited by Fed. R. Evid. 609(b). The government concedes this. Thus, the 2005 conviction is inadmissible and the motion is granted.

### B. For Attorney-Conducted *Voir Dire*

Lussier requests that the Court allow counsel to question the jury on the topic of implicit bias. [ECF No. 76.] The government does not object. The Court will allow each party 15 minutes of *voir dire*.

### C. Regarding Irrelevant and Prejudicial Evidence and Argument

Lussier seeks preclusion of certain evidence and argument as irrelevant and prejudicial per Federal Rules of Evidence 402 and 403. [ECF No. 77.] The Court addresses each subpart of this motion in turn.

*i. Redaction of Indictment*

Lussier requests that the Court redact references to the grand jury and foreperson as irrelevant and prejudicial under Federal Rules of Evidence 402 and 403. The government opposes this request, arguing that the Defendant has provided no basis for redaction. The Court will not provide the Indictment to the jury, and therefore the motion is denied as moot.

*ii. Preclusion of reference to "domestic assault"*

Lussier requests that the Court preclude reference to "domestic assault." The government argues that it should not be precluded from using the term, arguing it is a term within the common vernacular. The Court agrees. The motion to preclude reference to the term "domestic assault" is denied.

*iii. Exclusion of evidence and testimony relating to sale and/or trading narcotics for sex with other females*

The government has indicated that it does not intend to offer evidence relating to the sale and/or trading of narcotics for sex with other females in its case-in-chief. The Court grants this motion as unopposed with regard to the government's case-in-chief.

*iv. Exclusion of testimony and evidence regarding Red Lake Nation Tribal bench warrants in case nos. 16K00099 and 18K00275.*

The government has also indicated that it does not intend to offer evidence relating to any Red Lake Nation Tribal bench warrants in its case-in-chief. The Court grants this motion as unopposed with regard to the government's case-in-chief.

## D. Regarding Out-of-Court Statements

Lussier requests that the Court preclude the government and its witnesses from introducing and referring to certain out-of-court statements in violation of Federal Rules of Evidence 801(c), 802, and defendant's Sixth Amendment right to confrontation of witnesses. [ECF No. 78] The Court will address each subpart of Defendant's motion in turn.

### i. 911 Calls

Lussier moves to exclude the 911 calls, and transcripts thereof, made by D.M.N. to the Red Lake Tribal Police Department on October 7, 2018. Lussier's first argument is that the 911 calls are inadmissible hearsay, while the government seeks their admittance as present-sense impressions and excited utterances.

The present-sense-impression exception to the hearsay rule provides that "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is "not excluded by the rule against hearsay." Fed. R. Evid. 803(1). Under the excited-utterance exception to the hearsay rule, such evidence is admissible if it is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). The 911 calls were made by D.M.N. who reported her observation of events as they happened. For these reasons, the 911 calls are admissible under both the present-sense impression exception and the excited-utterance exception to the rule against hearsay.

Lussier argues next that the 911 calls should be excluded because they are unfairly prejudicial and could confuse the jury. *See* Fed. R. Evid. 403 (permitting exclusion of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice or confusing the jury). D.M.N's four emergency calls occurred close in time and each clearly asked for assistance prior to being cut off. From the record, it is clear that D.M.N. is requesting assistance in an emergency situation that was occurring at the time of the calls. There is nothing in the 911 calls that creates a risk of unfair prejudice or confusion that substantially outweighs its probative value. As such, Lussier's Rule 403 argument is unavailing.

Lussier also contends that, because the 911 call is testimonial, he has a Sixth Amendment right to confront and cross-examine D.M.N. The Confrontation Clause of the Sixth Amendment "bars the admission of *testimonial* hearsay unless the declarant is unavailable and the defendant has had a prior opportunity for cross examination." *United States v. Clifford*, 791 F.3d 884, 887 (8th Cir. 2015) (emphasis added) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). Witness statements made in response to police interrogation ordinarily are testimonial. *Id.* But witness statements are nontestimonial when "the primary purpose of an interrogation is to respond to an ongoing emergency." *Michigan v. Bryant*, 562 U.S. 344, 358 (2011) (internal quotation marks omitted). It is clear from the recordings that D.M.N. was calling 911 for assistance during an ongoing emergency. Any statements that the 911 operator elicited during the call clearly "were

9

necessary to be able to *resolve* the present emergency, rather than simply to learn . . . what had happened in the past." *Davis v. Washington*, 547 U.S. 813, 827 (2006). Further, D.M.N. is on the witness list and the government intends to call her to testify as to the events that allegedly occurred on October 7, 2018. Lussier will have an opportunity to cross-examine her. Lussier's Confrontation Clause argument fails because the D.M.N.'s statements made during the 911 calls are nontestimonial and because he will have the opportunity to cross-examine D.M.N. at trial. Lussier's motion is denied.

## ii. Statements by Informants

Lussier seeks to preclude statements by informants regarding his prior purported narcotics sales. The government has stated that it does not intend to offer such evidence. As such, the Court grants this motion as unopposed.

## iii. Alleged Statements by D.M.N. to Nokomis Paiz

Lussier seeks to preclude alleged statements made by D.M.N. about the alleged assault to a person who then told Nokomis Paiz ("Paiz"), an administrator at the Red Lake Nation College. At the pretrial Lussier argued, and the government conceded, that D.M.N. did not provide a statement directly to Paiz. The government does not intend to introduce evidence or elicit testimony about any prior consistent made to Paiz. Lussier's motion is on this issue denied as moot.

*iv. Other Prior Out-of-Court Statements*

Finally, Lussier moves the Court to preclude "any and all other prior out-of-court statements by declarants that are testimonial and/or inadmissible hearsay." [*See* ECF. No. 78.] Lussier's motion is not specific, but at the pretrial, Lussier indicated that he objected to the October 7, 2018 EMS record and the government's witnesses Jessica Neadeau, Dr. George U. Amah, Jennifer Nelson, RN, and Dr. Paul C. Allegra.

With respect to the October 7, 2018 EMS record, the government indicated that it might not offer the record as an exhibit because the responding EMT, Jessica Neadeau, will be testifying as to the events of October 7, 2018. Thus, the Court reserves ruling on this issue. With respect to the witnesses, the government stated at the pretrial that Nelson and Dr. Allegra will testify for the purposes of medical diagnosis only, but will not testify as to who caused the injuries. Lussier concedes that such testimony would be admissible as medical treatment and diagnosis. The Court agrees, but will reserve ruling on objections to the testimony, if any, until trial, so that the Court can hear the testimony and address any specific objections made. To the extent that the remainder of this motion is non-specific, the Court reserves ruling pending specific objections at trial.

**E. Regarding Evidence Subject to Pretrial Orders and Proceedings**

Lussier requests that the Court preclude the government and its witnesses from introducing and referring to all evidence that, in pretrial proceedings, the Court has

11

ordered excluded and/or the government has represented it will not offer, as further described below. [*See* ECF No. 79.]

### i. Fruits of the Poisonous Tree

Lussier first requests that the Court preclude evidence obtained by law enforcement directly and as the fruits of an unlawful October 8, 2018 search warrant for his residence at XXX21 Circle Pines Road, Red Lake, MN 56671, as well as all other "fruits of the poisonous tree." The government has indicated that it does not intend to offer any evidence pertaining to the search warrant on October 8, 2018. As such, the Court denies this motion as moot.

### ii. October 8, 9, and 31, 2018 statements, admissions, and answers to law enforcement that are attributed to Defendant.

The parties previously agreed that the government will not offer any October 8 and 9, 2018 statements attributed to Lussier for any purpose in its case-in-chief, on cross-examination of him, as impeachment, or on rebuttal [*see* ECF No. 43, Tr. of Jan. 14, 2019 Mot. Hrg., at 6, 8], and it will not offer any October 31, 2018 statements attributed to Defendant in its case-in-chief, but the government reserved the right to use the statements either for cross-examination of Lussier as impeachment, or in rebuttal, depending on how the case evidence comes in. [*Id.* at 7, 9.] The government indicates that it will abide by that agreement. As such, the Court denies this motion as moot.

*iii. Testimony and evidence by informants*

The government has indicated that it does not intend to offer any evidence with respect to drug informants. Based upon the government's representation, the Court denies Lussier's motion as moot.

**F. Regarding Witnesses**

Lussier makes several requests with respect to its motion regarding witnesses. [ECF No. 80] The Court will address each request in turn.

*i. Preclusion of referring to D.M.N. as "victim"*

Lussier moves the Court to preclude the government and its witnesses from referring to D.M.N. as the "victim." Lussier provides no authority or argument in support of this motion. The term "victim" is not inherently prejudicial. It is a term commonly used in the English language that does not by its nature connote guilt. The allegations in this case are that D.M.N. was the victim of a crime – assault – and that Lussier is the alleged perpetrator of that crime. Further, the Eighth Circuit and other courts have allowed the use of the term "victim" in the context of jury instructions. *See, e.g., United State v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) ("the term 'victim' in jury instructions is not prejudicial to a defendant's rights"); *Server v. Mizell*, 902 F.2d 611, 615 (7th Cir. 1990); *United States v. Granbois,* 119 Fed.Appx. 35, 38–39 (9th Cir. 2004) (unpublished mem. decision), *cert. denied,* 543 U.S. 1014 (2004). Lussier's motion to preclude the use of the term "victim" is denied.

> ii. *Sequestration of Witnesses/Allowing Defense Investigator to remain in courtroom during trial*

With respect to sequestration of witnesses, the government does not oppose Lussier's motion except to request that that Special Agent Zane Nevala, be excluded from any sequestration order. Thus, the Court grants this motion as unopposed.

> iii. *That Law Enforcement Testify in Street Clothes*

Lussier moves the Court for an order requiring law enforcement testify in street clothes at trial. He provides no legal basis for this request. Both parties have submitted *voir dire* with respect to law enforcement and the Court will instruct the jury with respect to credibility of witnesses. Lussier's motion is denied.

> iv. *Expert Testimony of Scott Miller*

Finally, Lussier seeks to preclude the government and its witnesses from introducing and referring to the expert opinion testimony of Scott Miller, Co-Interim Director and Program Coordinator at Domestic Abuse Intervention Programs, as well as the "Power-and-Control Wheel." The government proffers that Miller will talk about "the common emotional and behavioral characteristics that domestic violence victims and abusers often display" and "will base[] his testimony on the Duluth Model, which is a scientific study highlighting the power and control that propels abusive domestic relationships." [ECF No. 81 at 7.] Alternatively, Lussier requested that the Court hold a pretrial *Daubert* hearing, which the Court has now held.

Based upon the testimony elicited at the *Daubert* hearing, the Court is reserving ruling on Miller's ability to testify on the behaviors and characteristics of victims of domestic violence; however, Miller will not be allowed to testify about the Duluth model or the Power and Control Wheel addressed at the hearing. The Duluth model seems to have little, if any, relevance to the case and the Power and Control Wheel concentrates more on the characteristics of people who commit domestic violence than the victims of domestic violence. The Court will rule on the admissibility of Miller's testimony related to common emotional and behavioral characteristics of domestic violence victims after the testimony of the alleged victim in this case, so that the Court can evaluate properly any connection between the proffered expert testimony and the facts of this case.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Government's Motion to Allow 404(b) Evidence [ECF No. 68] is GRANTED IN PART, and MOOT IN PART. The government's motion with respect to D.M.N. is granted. The government's motion with respect to G.B. is moot.

2. The Government's Motion Regarding Bad Acts/Convictions of Witnesses [ECF No. 69] is RESERVED IN PART, and MOOT IN PART. The motion is moot as

it relates to G.B. as the government no longer intends to call G.B. to testify. The motion is reserved with respect to the question of extrinsic evidence.

3. The Government's Motion to Preclude Mention of Punishment [ECF No. 70] is GRANTED as unopposed.

4. The Defendant's Motion to Exclude Character Crimes, Wrongs, Other Acts, and Prior Convictions [ECF No. 75] is GRANTED IN PART, and DENIED IN PART. Lussier's 2005 conviction is inadmissible and the motion is granted with respect to that conviction. The motion with regard to Lussier's alleged prior assaultive behavior towards D.M.N. is denied.

5. The Defendant's Motion for Attorney-Conducted *Voir Dire* [ECF No. 76] is GRANTED as unopposed.

6. The Defendant's Motion Regarding Irrelevant and Prejudicial Evidence and Argument [ECF No. 77] is GRANTED IN PART, and DENIED IN PART, as follows:

    i. The Defendant's motion to redact the Indictment is denied as moot.

    ii. The Defendant's motion to preclude reference to "domestic assault" is denied.

    iii. The Defendant's motion to exclude evidence and testimony relating to the sale and/or trading of narcotics for sex with other females is granted as unopposed with regard to the government's case-in-chief.

    iv. The Defendant's motion to exclude testimony and evidence regarding his Red Lake Nation Tribal bench warrants is granted as unopposed with regard to the government's case-in-chief.

7. The Defendant's Motion Regarding Out-of-Court Statements [ECF No. 78] is DENIED IN PART, and RESERVED IN PART, as follows:

    i. The Defendant's motion to exclude the 911 calls is denied.

    ii. The Defendant's motion to exclude statements by informants regarding his prior purported narcotics sales is denied as moot.

    iii. The Defendant's motion to exclude statements by D.M.N. to Nokomis Paiz is denied as moot.

    iv. The Defendant's motion regarding prior out-of-court statements is reserved.

8. The Defendant's Motion Regarding Evidence Subject to Pretrial Orders and Proceedings [ECF No. 79] is denied as moot.

9. The Defendant's Motion Regarding Witnesses [ECF No. 80] is GRANTED IN PART, and DENIED IN PART, as follows:

    i. The Defendant's motion to preclude the government and its witnesses from referring to D.M.N. as a "victim" is denied.

    ii. The Defendant's motion for sequestration of witnesses is granted as unopposed.

iii. The Defendant's motion that law enforcement testify in street clothes is denied.

iv. The Defendant's motion to preclude the testimony of Scott Miller is granted in part and reserved in part for trial.

Dated: June 15, 2019

BY THE COURT:

s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge